# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| **TELINIT TECHNOLOGIES, LLC** | § § § | |
| Plaintiff, | § | CIVIL ACTION NO. 2:13-cv-446 |
| v. | § § | JURY TRIAL DEMANDED |
| **FONALITY, INC.** | § § § | |
| Defendant. | § | |

## COMPLAINT FOR PATENT INFRINGEMENT

COMES NOW, Plaintiff Telinit Technologies, LLC ("Telinit"), through the undersigned attorneys, and respectfully alleges, states, and prays as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement under the Patent Laws of the United States, Title 35 United States Code ("U.S.C.") to prevent and enjoin defendant Fonality, Inc. (hereinafter "Defendant") from infringing and profiting, in an illegal and unauthorized manner and without authorization and/or of the consent from Telinit, from U.S. Patent No. 6,192,123 (the "'123 patent", attached hereto as Exhibit "A") pursuant to 35 U.S.C. §271, and to recover damages, attorneys fees, and costs.

## THE PARTIES

2. Plaintiff Telinit is a Texas corporation with its principal place of business at 2500 Dallas Parkway, Suite 260, Plano, Texas 75093-4871.

3. Defendant is a corporation organized under the laws of the state of Delaware with its principal place of business at 5601 Granite Pkwy Suite 500, Plano, Texas 75024 and may be

served with process through Corporation Service Company, 2711 Centerville Rd Ste 400, Wilmington, Delaware 19808.

4. Defendant is in the business of manufacturing, distributing and/or selling network-based telephony initiation systems and/or services throughout the United States, including within this judicial jurisdiction

## JURISDICTION AND VENUE

5. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338(a) because the action arises under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq*.

6. This Court has personal jurisdiction over Defendant by virtue of its systematic and continuous contacts with this jurisdiction, as alleged herein, as well as because of the injury to Telinit, and the cause of action Telinit has risen, as alleged herein.

7. Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this judicial district.

8. Defendant has conducted and does conduct business within the state of Texas, including the geographic region within the Eastern District of Texas, directly or through intermediaries, resellers or agents, or offers for sale, sells, advertises (including through the use of interactive web pages with promotional material) products or services, or uses or induces others to use services or products in Texas, including this judicial district, that infringe the '123

patent.

9. Specifically, Defendant solicits business from and markets its services to consumers within Texas by offering to set telephony communication connections for said Texas consumers enabling them to communicate with other parties using said connection.

10. In addition to Defendant's continuously and systematically conducting business in Texas, the causes of action against Defendant are connected (but not limited) to Defendant's purposeful acts committed in the state of Texas, including the geographic region within the Eastern District of Texas, including Defendant's making, using, offering for sale, or selling network-based products and services for initiating telephony communications systems which include features that fall within the scope of at least one claim of the '123 patent.

11. Venue lies in this judicial district pursuant to 28 U.S.C. §§1391 and 1400(b).

## FACTUAL ALLEGATIONS

12. On February 20, 2001, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '123 patent, entitled "Method and apparatus for initiating telephone calls using a data network" after a full and fair examination. (Exhibit A).

13. Telinit is presently the owner of the patent, having received all right, title and interest in and to the '123 patent from the previous assignee of record. Telinit possesses all rights of recovery under the '123 patent, including the exclusive right to recover for past infringement.

14. The '123 patent is valid and enforceable.

15. The '123 patent contains two independent claims and six dependent claims. Defendant uses methods that perform one or more steps of the claims, and also makes, uses, sells and/or offers to sell products that encompass one or more of the claims.

16. The invention claimed in the '123 patent includes a system and process for initiating a telephone call using a data network request, that request signaling a switch, and that switch triggering a means of monitoring and providing status updates to a user of the telephone system.

17. The above described network-based method and process of connecting and monitoring communication by telephony is often accomplished when a user of a computer encounters a web-based interface with a button that it can push in order to be connected with another person, such as another user of the service or a contact stored in a compatible computer application. Meanwhile, the status of their call is monitored for such things as quality and connectivity.

## DEFENDANT'S PRODUCTS

18. Defendant is a company offering voice over internet protocol (VoIP) products and solutions for businesses. Defendant's products allow users to call contacts either by manually inputting a telephone number into a telephonic interface or accessing a contact's phone number from a database connected to a compatible computer application. These various cloud-based applications can be referred to as "Defendant's Products."

19. Defendant's Products are systems and components of devices for performing a process for initiating telephone calls on a voice network in response to requests from a data network.

20. Defendant's Products facilitate communication between devices such as cellular phones, landline phones and computers.

21. Defendant's Products provide an interface that solicits generation of a network request to initiate telephone call connections based on a user telephone number that it then

connects with stored telephone numbers.  Call status is monitored by Defendant's Products and reported to users based on the status of such calls.

22. The cloud-based applications infringing the '123 patent include, but are not limited to, the Fonality Heads Up Display (HUD), which is an interface enabled by a system that that performs a process for initiating telephone calls on a voice network in response to requests from a data network.

23. The Defendant's Products are accessible over a data network, and perform functions such as receiving data requests over the network enabling Users and third parties to initiate telephony communications with each other.  The requests include a user telephone number, such as telephone numbers identifying the users and/or third parties. For example a Fonality component receives a data network request to place a telephone call. When a user logs into their account, they have a Caller ID number associated with their account. When the user presses the button to make a call, the system enabling the Fonality HUD interface performs the step of receiving a data network request to initiate a telephone call and the user's number is included to be used as the Caller ID.

24. The Defendant's Products also identify stored telephone numbers, such as by handling requests to initiate telephone calls with users at a pre-designated user telephone number and/or with third parties. The system enabling the Fonality HUD interface performs the step of identifying a stored telephone number corresponding to the request. For example, when a call is placed to a number from a contact list, a stored number corresponding to the request is identified

25. The Defendant's Products signal a switch to call a voice network, such as a public switched telephone network (PSTN), to other telephone devices identified by stored telephone numbers, such as by initiating telephone calls with a pre-designated user telephone number

and/or third parties. For example, when placing a call to a stored phone number designating a phone on a voice network, such as PSTN, Fonality performs the step of signaling a switch to make said call on the voice network.

26. Defendant's Products monitor call status. For example, the system enabling the Fonality HUD interface performs the step of monitoring call status for indications of call progress and call history.

27. Defendant's Products provide users with an indication of a change in the status of the call. For example, the system enabling the Fonality HUD interface performs the step of providing a user with an indication of a change in call status, at least via visual indicators, such as changed color in the active call area and a call timer.

28. Defendant's system includes an input component designed to receive data requests over the network enabling Defendant's customers and third parties to initiate telephony communications with each other. Those requests include a user telephone number, such as telephone numbers identifying the User and/or third party. A Fonality component receives a data network request to place a telephone call. For example, when a user logs into their account, they have a Caller ID number associated with their account. When the user initiates a call, a data network request is generated and the user's number is included to be used as the Caller ID.

29. Defendant's system includes processing components designed to identify stored telephone numbers, such as by handling requests to initiate telephone calls at a pre-designated User telephone number and/or with third parties. A Fonality component identifies a stored telephone number. For example, when a call is placed to a number from a contact list, a stored number corresponding to the request is identified.

30. Defendant's system includes a signaling component for signaling a switch to call a voice network, such as a public switched telephone network (PSTN), to other telephone devices identified by stored telephone numbers, such as by initiating telephone calls with a pre-designated user telephone number and/or third parties. For example, placing a call to a stored phone number designating a phone on a voice network, such as PSTN, indicates Fonality's use of a component to signal a switch to make that call.

31. Defendant's system includes a monitoring component configured to monitor a status of the call. For example, a Fonality component monitors call status for indications of call progress.

32. Defendant's system includes a status component configured to provide a user with an indication of a change in the status of the call. For example, a Fonality component provides indication of a change in call status, at least via visual indicators, such as changed color in the active call area and a call timer.

**DIRECT INFRINGEMENT**

33. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 to 32.

34. Taken together, either partially or entirely, the features included in Defendant's system including, but not limited to, the product enabling the Fonality HUD interface, perform the process recited in one or more of Claims 1-4 of the '123 patent.

35. Taken together, either partially or entirely, the features included in Defendant's system including, but not limited to, the product enabling the Fonality HUD interface, use the system recited in one or more of Claims 5-8 of the '123 patent.

36. Defendant directly infringes one or more of claims 1-8 of the '123 patent by making, using, selling, offering to sell and/or importing the process and the system for cloud-based services for initiating telephony communications in violation of 35 USC § 271(a). For example, and without limitation, Defendant directly infringes at least one claim of the '123 patent by offering to sell and conveying Defendant's Products to end users including a license to a fully operational software program implementing and thus embodying the patented method.

37. By engaging in the conduct described herein, Defendant has injured Telinit and is thus liable for infringement of the '123 patents, pursuant to 35 U.S.C. §271.

38. Defendant has committed these acts of infringement without license or authorization.

39. To the extent that facts learned in discovery show that Defendant's infringement of the '123 patent is or has been willful, Telinit reserves the right to request such a finding at the time of trial.

40. As a result of Defendant's infringement of the '123 patent, Telinit has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

41. Telinit will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.  As such, Telinit is entitled to compensation for any continuing and/or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement.

42. Telinit has also suffered and will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting Defendant, its officers, directors,

agents, servants, employees, attorneys, affiliates, divisions, branches, parents, and those persons in active concert or participation with it from directly or indirectly infringing the '123 patent.

## INDUCING INFRINGEMENT

43. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 to 42.

44. Defendant has had knowledge of its infringement at least as of service of the present complaint.

45. Defendant indirectly infringes one or more claims of the '123 patent by actively inducing the infringement of their respective customers, users, subscribers and licensees who directly infringe by performing the patented process in violation of 35 USC § 271(b). For example, Defendant instructs customers to install, setup, and use the Defendant's Products in an infringing manner.

46. With knowledge of the patents in suit, Defendant has infringed and upon service of the complaint, continues to indirectly infringe the '123 patent by inducing the direct infringement of a class of actors which includes the end-users of the infringing products, as well as customers, users, subscribers and/or licensees, by selling, offering for sale, and otherwise encouraging the class of actors to use the infringing products which perform all the steps of the patented method or contain all the features of the apparatus described in one or more claims of the '123 patent, aware of the fact that such acts amount to infringement of one or more claims of the '123 patent. Such acts evidence specific intent to induce infringement of the '123 patent.

## CONTRIBUTORY INFRINGEMENT

47. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 to 46.

48. Products sold by Defendant for implementation of Defendant's Products are components of a patented device covered by the '123 patent. Such components constitute a material part of the invention as they are the main focus of Defendant's advertisement. Such components are part of an apparatus for initiating telephone calls using a data network and, due to specific design of such technology, are not a staple article or commodity of commerce suitable for non-infringing use.

49. Defendant's Products, including but not limited to the product enabling the Fonality HUD interface, are apparatuses for use in practicing a patented process covered by at least Claim 1 of the '123 patent. Such components constitute a material part of the invention as they are the main focus of Defendant's advertisement. Such components are part of an apparatus for initiating telephone calls using a data network and, due to specific design of such technology, are not a staple article or commodity of commerce suitable for non-infringing use.

50. Defendant's software included in, or sold as part of Defendant's Products, including but not limited to the product enabling the Fonality HUD interface, is an apparatus for use in practicing a patented process covered by at least one of claims 1-8 of the '123 patent. Such component is part of an apparatus for initiating telephone calls using a data network and, due to specific design of such technology, is not a staple article or commodity of commerce suitable for non-infringing use. Defendant has known that devices that implement Defendant's Products are especially made or especially adapted for use in infringement of the '123 patent at least as of service of the present complaint.

51. Defendant contributes to the direct infringement by others, such as their customers and licensees, of one or more of claims 1-8 of the '123 patent in violation of 35 USC § 271(c).

52. With knowledge of the patent in suit, Defendant has infringed and upon service of the Complaint, continues to indirectly infringe the '123 patent by contributing to the direct infringement of a class of actors which includes the end-users of the infringing products, as well as customers, users, subscribers and/or licensees, by selling, offering for sale, and otherwise encouraging the class of actors to use the infringing products which perform all the steps of the patented method as described in one or more claims of the '123 patent, aware of the fact that such acts amount to infringement of one or more claims of '123 patent. Such acts evidence specific intent to contribute to the infringement of the '123 patent.

## DEMAND FOR JURY TRIAL

53. Telinit demands a trial by jury of any and all causes of action.

## PRAYER FOR RELIEF

WHEREFORE, Telinit prays for the following relief:

1. That Defendant be adjudged to have infringed the '123 patent, directly and/or indirectly, by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents;

2. That Defendant, its officers, directors, agents, servants, employees, attorneys, affiliates, divisions, branches, parents, and those persons in active concert or participation with any of them, be preliminarily and permanently restrained and enjoined from directly and/or indirectly infringing the '123 patent;

3. An award of damages pursuant to 35 U.S.C. §284 sufficient to compensate Telinit for the Defendant's past infringement and any continuing or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement, including compensatory damages;

4. An assessment of pre-judgment and post-judgment interest and costs against Defendant, together with an award of such interest and costs, in accordance with 35 U.S.C. §284;

5. That Defendant be directed to pay enhanced damages, including Telinit's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. §285; and

6. That Telinit have such other and further relief as this Court may deem just and proper.

Dated: June 3, 2013

Respectfully Submitted,

By: /s/ William E. Davis, III
William E. Davis, III
Texas State Bar No. 24047416
**The Davis Firm, PC**
111 West Tyler Street
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661
Email: bdavis@badavisfirm.com

*Of Counsel*

Eugenio J. Torres-Oyola
USDC No. 215505
**Ferraiuoli LLC**
221 Plaza, 5th Floor
221 Ponce de León Avenue
San Juan, PR 00917
Telephone: (787) 766-7000
Facsimile: (787) 766-7001

**ATTORNEYS FOR PLAINTIFF
TELINIT TECHNOLOGIES, LLC**